E-Filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS SCHUENEMAN,

        Plaintiff,

   v.

1st CREDIT OF AMERICA, LLC; JOHN DOE, an individual, DOE ABC COMPANY; and DOES 3 through 20, inclusive;

        Defendants.

No. C 05-4505 MHP

**MEMORANDUM & ORDER**
Re: Motion for Attorneys' Fees and Costs and Motion to Withdraw as Defendant's Attorney

       On November 4, 2005 plaintiff, Thomas Schueneman ("Schueneman"), filed a complaint against defendants, 1st Credit of America ("1st Credit"), unnamed defendants John Doe, Doe ABC Company and Does 2–30, alleging violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. section 1692 et seq., and California's Rosenthal Act, Civil Code section 1788 et seq. 1st Credit accepted plaintiff's offer of judgment and judgment was entered against defendant on March 15, 2007. Now before the court is plaintiff's motion for attorneys' fees and costs[1] and defense counsel's motion to withdraw as attorney for defendant. Having determined there is no need for a hearing on either of these matters, the court deemed the matter submitted.

BACKGROUND

Plaintiff Thomas Schueneman filed the complaint in the instant action against defendant 1st Credit on November 4, 2005. The parties engaged in mediation but those efforts to settle the case were unsuccessful. Trial was initially scheduled for February 9, 2007 and was subsequently postponed until March 20, 2007. On February 21, 2007 the parties notified the court that plaintiff had accepted an offer of judgment pursuant to Federal Rule of Civil Procedure 68. Accordingly, judgment was entered in favor of the plaintiff in the amount of $3500 in addition to "reasonable costs and reasonable attorneys' fees." Entry of Judgment, Docket No. 42, March 15, 2007, at 2.

Plaintiff duly filed a motion for attorneys' fees and costs in the amount of $38,144 pursuant to 15 U.S.C. section 1692k(a)(3). Plaintiff contends that plaintiff's counsel and staff expended a total of 149.7 hours on this case. According to plaintiff, his attorney Eric F. Fagan expended 64.8 hours on this matter as well as 11.3 hours of travel time. Plaintiff states that Fagan's billable hourly rate is $325 and all travel time, for Fagan and his associate, is billed at $100 per hour. Fagan's associate, Jeremy S. Golden, expended 49.8 hours on this matter as well as five hours of travel time. Golden's hourly rate is $275. Finally, two members of Fagan's staff, paralegal Dorian Hudson and Denise Negrete, spent a total of 18.8 hours on this case. Hudson's hourly rate is $110 per hour or $115 per hour;[2] Negrete's rate is $90.00 per hour. The costs associated with the case were $1,593.01. See Fagan Dec, Exh. Bill of Costs. Not surprisingly, defendant contests the requested amount as unreasonable.

On April 12, 2007 Tomio B. Narita, Jeffrey A. Topor and Wineberg, Simmonds & Narita LLP, filed a motion to withdraw as defendant's attorney. Counsel asserts that defendant has breached the agreement to pay counsel monthly. Subsequently, the court deemed this matter as well as the motion for attorneys' fees submitted on the papers.

LEGAL STANDARD

Motion for Attorneys' Fees

The Fair Debt Collection Practices Act states that "any debt collector who fails to comply with [the statute] with respect to any person is liable to such person." 15 U.S.C. § 1692k(a). "[I]n the case of any successful action to enforce the foregoing liability, the costs of the action, together with the reasonable attorney's fee as determined by the court" will be included in the amount of the debt collector's liability. 15 U.S.C. § 1692k(a)(3). An award of attorneys' fees pursuant to section 1692k(a)(3) is mandatory. See Graziano v. Harrison, 950 F.2d 107, 113 (3d Cir. 1991) ("[A]ttorney's fees should not be construed as a special or discretionary remedy; rather, the [FDCPA] mandates an award of attorney's fees . . ."); Cancio v. Financial Credit Network, No. C 04-03755 TEH, 2005 WL 1629809, at *1 (N.D. Cal. July 6, 2005) (Henderson, J.) ("The FDCPA entitles a successful plaintiff to reasonable attorneys' fees as determined by the court.").

In Hensley v. Eckerhart, 461 U.S. 424 (1983), the Supreme Court outlined the proper method for determining reasonable attorneys' fees using the lodestar method. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. at 433. There is a strong presumption that the lodestar formula represents a reasonable fee. Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986). The court may decrease the amount of hours in the calculation where the prevailing party's counsel inadequately document their hours. Hensley, 461 U.S. at 433. In addition, the court will deduct any hours not reasonably expended, such as those that are "excessive, redundant, or otherwise unnecessary." Id. at 434.[3] The court may also consider other factors to adjust the fee upward or downward, which will be discussed below. Id.

DISCUSSION

I.   Attorneys' fees

Both parties agree that the determination of appropriate attorneys' fees starts with the lodestar formula. However, the parties dispute the reasonable hourly rate and the reasonable hours expended. The court will address each of the parties' contentions in turn.

   A.   Reasonable Hourly Rate

Defendant contests the proposed hourly rate for both attorneys Fagan and Golden as well as those proposed for the staff members. Plaintiff suggests that the reasonable hourly rates for his attorneys are $325 per hour for Eric F. Fagan and $275 per hour for Jeremy Golden. Fagan Dec., Exh. A at 21. Defendant suggests that the hourly rates presented for Fagan and Golden are unsupported and that Fagan and Golden should only be compensated $200 per hour and $100 per hour respectively. "[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 898 n.11 (1984).

      1.   Reasonable Rate for Fagan

Fagan's declaration outlines his relevant experience and skills. Fagan opened his current practice in consumer law in 2002 after practicing real estate law for fourteen years. Fagan Dec. ¶¶ 2 & 4. He has attended out-of-state conferences on consumer law with an emphasis on debt buyers and the FDCPA, including a three-day weekend retreat in 2005 in Wisconsin focused on FDCPA litigation. Id. ¶¶ 4 & 5. Fagan's relevant experience includes settlements of twenty-one FDCPA actions. Id. ¶ 6. His firm currently represents plaintiffs in thirty FDCPA/Rosenthal actions and twenty-three debt-buyer suits. Id. ¶¶ 6 & 7. In addition, his firm has successfully defended sixty actions brought by debt buyers. Id. ¶ 7.

In addition to a declaration by Fagan, plaintiff has provided declarations from two attorneys practicing in the relevant field of consumer law: Fred W. Schwinn and Ronald Wilcox. Schwinn states that a rate of $325 per hour is reasonable for Fagan given Fagan's qualifications, expertise and

4

1  twenty-five-plus years of litigation experience. Id. ¶ 9. Schwinn bases his opinion on his knowledge
2  of the billing practices of private law firms in the San Francisco Bay area and his own experience in
3  billing clients in consumer litigation. Id. ¶ 7. Wilcox also states that $325 per hour is a reasonable
4  rate based on his familiarity with Fagan's work and the rates of attorneys in the relevant geographical
5  area. Wilcox Dec. ¶ 12.

6        Defendant contends that the case law and the evidence do not support the rate of $325 per
7  hour, but rather a rate of $200 per hour for Fagan. Defendant argues that courts in similar cases have
8  dictated a rate of $200 per hour. See Camacho v. Bridgeport, No. C 04-00478 CRB, 2007 WL
9  196681 *1 (N.D. Cal. Jan. 4, 2007) (Breyer, J.) (awarding rate of $200 per hour), amended by 2007
10 WL 781534 (N.D. Cal. Mar. 3, 2007) (Breyer, J.); Johnson v. Credit Intern, Inc., No. C 03-100 SC,
11 2005 WL 2401890 *4 (N.D. Cal. July 28, 2005) (Conti, J.) (awarding rate of $250 per hour). By
12 contrast, in Defenbaugh v. JBC & Associates, Inc., the court awarded fees of $400 per hour and $435
13 per hour to the two lead attorneys in an FDCPA case. No. C 03-0651 JCS, 2004 WL 1874978 *5
14 (N.D. Cal. Aug. 10, 2004) (J. Spero). In Defenbaugh, the plaintiff highlighted "a series of cases
15 decided in the Northern District of California in which this Court awarded hourly rates of up to
16 $450/hour to attorneys with comparable experience." Id. at *6. See also Cancio v. Fin. Credit
17 Network, Inc., C 04-03755 TEH, 2005 U.S. Dist. LEXIS 13626 *17 (N.D. Cal. July 6, 2005)
18 (awarding rate of $345 and $435 per hour).

19       Defendant further contests the declarations of Schwinn and Wilcox, arguing that these
20 attorneys are self-interested parties and their statements should be given little weight. Defendant
21 claims that both attorneys are seeking to bolster their own attorneys' fees awards in similar cases by
22 proposing an inflated figure for Fagan. However, this argument could be made for evidence
23 provided by any attorney practicing in the relevant field, yet the courts have commonly relied on
24 such evidence. Defenbaugh, 2004 WL 1874978 at *7. Defendant also argues that both attorney
25 declarants have a greater degree of experience than Fagan and are routinely awarded rates of only
26 $300 per hour.[4] See Schwinn Dec. ¶ 9; Wilcox Dec. ¶ 10. Fagan has represented consumers for only
27 five years compared with the ten year experience of the declarants. However, his extensive fourteen-
28 year litigation experience prior to pursuing consumer law is a contributing factor. Accordingly, the

UNITED STATES DISTRICT COURT
For the Northern District of California

5

court finds that the reasonable rate per hour for Fagan is $300, consistent with the rates awarded to his peers.

### 2. Golden

Plaintiff contends that Golden, an associate of Fagan's, commands an hourly rate of $275 or $50 less than Fagan's hourly rate. See Fagan Dec. ¶ 8; Exh. A. at 21. Golden is a less experienced attorney than Fagan, with roughly four years of litigation experience. Id. Defendant argues that a billing rate of $275 is not commensurate with Golden's relative lack of experience and suggest that a $100 differential in the hourly rates of Golden and Fagan is appropriate. The court is satisfied that a $50 differential in the hourly rate is reasonable based on the relative experience levels of Fagan and Golden. Moreover, $250 per hour is consistent with the rates courts have found reasonable in similar cases for attorneys with similar experience levels. See Defenbaugh v. JBC & Associates, Inc., No. C-03-0651 JCS, 2004 WL 1874978, *7 (N.D. Cal. Aug. 10, 2004) (Spero, J.) (finding reasonable a rate of $275/hour for FDCPA attorney with nine years of experience). Having determined that a reasonable hourly rate for Fagan is $300 per hour, the court determines that $250 per hour is a reasonable rate for Golden's services.

### 3. Support staff

Defendant also contests the hourly rates for the services of Fagan's support staff. Plaintiff has submitted only the records of counsel's billing system to support the hourly rates for the work performed by Hudson and Negrete. See Pl.'s Exh. A at 21. However, at least one court in this district has concluded based on similar information that $115 per hour is a reasonable rate for a paralegal in this type of action. See Camacho, 2007 WL 1302731, at *1. Therefore, a rate of $110-115 is not unreasonable for Hudson's service. Because plaintiff has failed to provide any explanation for the difference in Hudson's billable rate—for some activities, her rate is $110 per hour, for others it is $115, the court finds that Hudson's rate is the lower of the two.

Plaintiff submits that Negrete's hourly rate is $90. Based on the relative skill levels required by their roles as paralegal and legal secretary, a differential of $20 between the billable rates of Hudson and Negrete is reasonable. Therefore, the court finds that Negrete's rate is $90.

B.  Reasonably Expended Hours

Defendant objects to the number of hours claimed by plaintiff as excessive and unreasonable. First, it contends that plaintiff seeks to recover for time spent in connection with an entirely different action. Defendant also asks the court to adjust the claimed hours where they reflect non-legal activities, the entries are insufficiently detailed, and the time reflects work for claims later abandoned. The court will address each argument in turn.

1.  Hours expended on unrelated action

Defendant has lodged objections to recovery for time spent in preparation for another action, Civitello v. 1st Credit of America, No. C 05-4944 WHA (N.D. Cal.). Defendant has presented a line-by-line dissection of the billing statement presented by Fagan. See Narita Dec. ¶ 32. Plaintiff has presented no response to any of defendant's arguments about tasks performed for the Civitello action, and, accordingly, plaintiff has not met its burden on this issue.

The court's examination of Fagan's billing statement and defendant's enumeration of its objections to certain tasks performed in connection with the Civitello action indicates that the hours claimed should be reduced. After conducting a thorough review of the submitted time and defendant's objections, the court has identified entries as tasks claimed by plaintiff in this matter that were in fact performed for the Civitello matter. A total of 4.6 hours billed by Fagan were attributable to the Civitello action.[5] Similarly, Golden's hours should be reduced by 4.7 hours[6] and Hudson's by 1.1 hour[7] to reflect work performed on the Civitello matter.

Defendant objects to other items on the billing statement because these items represent work substantially similar to that performed in Civitello. See, e.g., Narita Dec. at 16:20–28 ("To a large extent, the Complaint in this action is duplicative of the complaint in a separate case—Christopher Civitello v. 1st Credit of America, Case No. C05-04944 WHA. Counsel for Schueneman has already sought compensation for this work in a fee motion filed in the Civitello matter."). It also raises objections, or reserves its right to object, to other items based on the fact that counsel for plaintiff has sought compensation for this work in the Civitello action. See, e.g., Narita Dec. at 70:16–26. These arguments do not persuade the court that plaintiff's request is unreasonable. Certainly, plaintiff is permitted to seek attorneys' fees for work performed in this case even where

UNITED STATES DISTRICT COURT
For the Northern District of California

that is similar to work performed in a different action. Therefore, the court will reduce the amount of time claimed by plaintiff's counsel by 4.5 hours for tasks performed by Fagan; 4.7 for Golden; and 1.1 for Hudson.

### 2. Non-legal activities

Defendant also contests plaintiff's claims for time spent on non-legal, clerical tasks. Defendant asks the court to reduce the lodestar by the hours it contends are attributable to non-billable tasks. The court agrees. "[P]urely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them ... [The] dollar value [of such non-legal work] is not enhanced just because a lawyer does it." Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989) (citation omitted). However, defendant has cited no caselaw suggesting that this non-legal work is non-billable. Rather, non-legal tasks should be billed at the rate for a legal assistant. The court has identified 5.7 hours attributable to clerical tasks performed by Hudson that should be billed at the lower rate for a legal assistant.[8] The court declines to adjust the remaining four entries to which defendant objects because the work performed was appropriate for a paralegal. See, e.g., Narita Dec. at 22, Entry for 1/24/06 (preparation of a summons). Additionally, entries representing 6.6 hours of Fagan's billed time are clerical tasks, which should not be billed at Fagan's hourly rate.[9] Accordingly, 6.6 hours should be deducted from the lodestar for Fagan. The court declines to adjust Fagan's hours for certain tasks appropriately performed by an attorney. See, e.g., Narita Dec. at 57, Entry for 9/28/06 (preparation for subpoena). The court also concludes that Golden's hours should be reduced by 0.5 hours for similar reasons. See Narita Dec. at 71, Entry for 12/12/06 (gather evidence for deposition). Other items identified by defendant were non-clerical tasks, appropriately billed at Golden's rate. See, e.g., Narita Dec. at 67, Entry for 11/27/06 (drafting subpoena). For similar reasons, the court rejects defendant's arguments for the two entries for Negrete, as the work described was appropriately performed by a legal assistant. Therefore, the court will deduct 5.7 hours from the total billed by Hudson, 6.6 hours by Fagan, and 0.5 by Golden; these 12.8 hours should be billed at the rate for a legal secretary.

8

### 3. Inadequate description of services

In Hensley v. Eckerhart, the Supreme Court observed that "counsel, of course, is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures." 461 U.S. 424, 437 n.12 (1983). In many instances, the description of the services falls below this standard. For instance, the entry on August 17, 2005 states only that Hudson performed "research" for 0.4 hours; on August 30th of the same year, the statement indicates that Fagan "reviewed letter from attorney." See Narita Dec. at 12, 13. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Hensley, 461 U.S. at 433; see also Hagan v. MRS Associates, Inc., 2001 WL 531119, *5 (E.D. La. 2001) (reducing hours by ten percent for inadequate documentation); Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 326 (5th Cir. 1995) (imposing ten percent reduction for inadequate documentation due to vagueness); H.J. Inc. v. Flygt Corp., 925 F.2d 257, 260 (8th Cir. 1991) (reducing hours by twenty percent because of inadequate documentation). Because plaintiff has not provided sufficient detail of time expenditures, the court will reduce the lodestar by 5%.

### 4. Abandoned claims

Defendant argues that the award should be reduced to account for the time that counsel spent on claims and causes of action abandoned before trial. Defendant suggests that awarding attorneys' fees for time spent on abandoned claims would encourage a plaintiff to allege multiple violations for the sole purpose of increasing attorneys' fees. Defendant points to Hensley which stated that "[a] reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." 461 U.S. at 440. However, the Hensley court explained that the fee should only be reduced when the claims that are abandoned are wholly distinct from the successful claims. Id. ("Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised."). Claims are related "if they involve a common core of facts or are based on related legal theories." Schwarz v. Secretary of Health & Human Services, 73 F.3d 895, 902 (9th Cir. 1995) (quoting Hensley, 461 U.S. at 434–35) (internal quotation marks omitted).[10]

The Ninth Circuit has outlined a two-part test for determining whether a fee should be reduced on the basis of abandoned claims. First, the court determines whether the plaintiff's successful claims

9

are related to plaintiff's unsuccessful claims. Id. at 901. If the claims are unrelated, then the court will not include the time spent on the unsuccessful claims in the final award. Id. If the two categories of claims are related, then the court determines the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Id. at 901–02 (internal citation omitted). Full compensation is proper when the plaintiff's counsel has secured excellent results; full compensation is excessive when only partial or limited success was achieved. Id. at 902. "Such decisions are within the district court's discretion." Id.

Defendant does not argue that the abandoned claims are unrelated; rather, it focuses on the second prong of limited success. Defendant relies on the fact that of twenty claims, plaintiff proceeded with only the eight FDCPA claims before accepting defendant's offer of judgment. See Joint Pre-trial Statement, Docket #32. However, the Ninth Circuit has directed courts to compare the overall relief obtained by the plaintiff relative to the relief originally requested to reduce fees, instead of applying a ratio of winning claims to losing claims. See Toussaint v. McCarthy, 826 F.2d 901, 905 (9th Cir. 1987). According to plaintiff, his initial offer of settlement was $7,500 and the final settlement was $3,500. See Pl.'s Mot. at 6. Thus, the court concludes that a reduction of the lodestar amount of 40%, as defendant suggests, is proper to reflect the abandoned claims.

Finally, defendant raises two additional arguments in opposition to plaintiff's requested fees. First, defendant argues that the large amount of fees are attributable to plaintiff's unwillingness to settle at an earlier stage in the litigation, thus inflating the amount of time counsel was required to spend. Second, defendant protests that plaintiff has not provided support for the reasonableness of the hours claimed. The court is persuaded by neither argument. Defendant has shown nothing more than that the protracted settlement negotiations resulted from tough bargaining on the part of both parties. Despite defendant's protestations to the contrary, the Wilcox declaration provides adequate support for the reasonableness of hours claimed. See Wilcox Dec. ¶ 14 ("I have [] reviewed . . . the amount for fees and costs Mr. Fagan seeks. I believe the amount in question is fair and reasonable.")

In sum, the court determines that reasonable attorneys' fees are $17,213.90 based on the following lodestar calculation and adjustments. The lodestar amount of $31,298.00 is based upon the following hourly rates and total hours spent: Fagan 53.6 hours[11] at $300 per hour and 11.3 hours at $100 per hour[12]; Golden 44.6[13] hours at $250 per hour and 5.0 hours at $100 per hour; Hudson 10.3

10

hours[14] at $110 per hour; Negrete 1.7 hours at $90 per hour; non-legal activities of 12.8 hours at $90 per hour. The reductions of 5% for inadequate descriptions of services and 40% for abandoned claims result in attorneys' fees of $17,213.90.

II.     Motion to withdraw as defense counsel

After plaintiff filed the motion for attorneys' fees, defendant's counsel filed a motion to withdraw as defendant's attorney because defendant has breached an agreement to pay counsel's fees. According to Civil Local Rule 11-5, "[c]ounsel shall not withdraw from an action until relieved by order of the Court after reasonable advance written notice has been given to the client and all other parties who have appeared in the case." Civil L.R. 11-5(a). Further, "[w]hen withdrawal by an attorney is not accompanied by simultaneous appearance of substitute counsel . . . leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel . . . ." Civil L.R. 11-5(b).

In this district, the conduct of counsel, including withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California. See Elan Transdermal Limited v. Cygnus Therapeutic Systems, 809 F.Supp. 1383, 1387 (N.D. Cal. 1992) (Orrick, J.). Pursuant to the California Rule of Professional Conduct 3-700(C)(1)(f), an attorney may request permission to withdraw if the client breaches an agreement or obligation to the attorney with respect to payment of expenses or fees. Cal. Rules of Professional Conduct Rule 3-700(C)(1)(f). Moreover, very little if anything remains at this stage in the litigation. Withdrawal of defense counsel, therefore, will not prejudice either party. Accordingly, the request of defense counsel to withdraw is GRANTED. Mr. Narita shall serve a copy of this order on his client. Defendant is admonished that, being a corporation, it may only appear in this Court or before the court of appeals through counsel. Any attempt to appeal any part of this case will have to be through counsel and not pro se.

Defendant also requested a stay of the hearing on the motion for attorneys' fees. Because the court deemed the motion for attorneys' fees submitted on the papers, defendant's request for a stay is unnecessary.

11

CONCLUSION

Plaintiff's motion for attorneys' fees is GRANTED in part and DENIED in part. The court finds that reasonable attorneys' fees are $17,213.90. The motion to withdraw as defense counsel is GRANTED.

IT IS SO ORDERED.

Dated: July 6, 2007

MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California

ENDNOTES

1. Plaintiff's motion provides no information on costs, accordingly the court will only address the request for attorneys' fees.

2. Plaintiff provides no explanation for the two different rates for Hudson's work.

3. "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary*." Hensley, 461 U.S. at 434 (quoting Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980)).

4. Schwinn has ten years of legal experience, practicing from his own office in San Jose since 2003, and at another firm in Kansas for six years previously. Schwinn Dec. ¶ 3. Schwinn represents consumer debtors. Id. Wilcox has twelve years of legal experience, licensed in California since 1995. Wilcox Dec. ¶ 4. Wilcox has represented consumers in individual and class actions, representing three hundred clients in FDCPA matters. Id. ¶ 5.

5. The 4.6 hour total is based on entries for the following dates. The dates and corresponding hours billed are listed below.

| Date | Hr. | Date | Hr. |
|---|---|---|---|
| 1/11/2006 | 0.1 | 7/26/2006 | 0.2 |
| 1/13/2006 | 0.2 | 7/26/2006 | 0.1 |
| 3/27/2006 | 0.2 | 8/28/2006 | 0.4 |
| 5/24/2006 | 0.1 | 9/14/2006 | 0.3 |
| 5/30/2006 | 0.1 | 9/27/2006 | 0.9 |
| 6/1/2006 | 0.3 | 9/28/2006 | 0.3 |
| 6/7/2006 | 0.5 | 11/27/2006 | 0.4 |
| 6/22/2006 | 0.1 | 12/4/2006 | 0.4 |

See Pl.'s Exh. A at 3–18.

6. The 4.7 hour total is based on entries for the following dates. The dates and corresponding hours billed are listed below.

| Date | Hr. | Date | Hr. |
|---|---|---|---|
| 5/1/2006 | 0.5 | 11/28/2006 | 1.0 |
| 6/2/2006 | 0.2 | 11/28/2006 | 0.6 |
| 7/14/2006 | 0.4 | 11/29/2006 | 2.0 |

See Pl.'s Exh. A at 7–18.

7. The 1.1 hour total is based on entries for the following dates. The dates and corresponding hours billed are listed below.

13

| Date | Hr. | Date | Hr. |
|---|---|---|---|
| 8/4/2006 | 0.1 | 10/4/2006 | 0.4 |
| 8/29/2006 | 0.3 | 11/13/2006 | 0.1 |
| 8/31/2006 | 0.2 | | |

See Pl.'s Exh. A at 11–16.

8. The 5.7 hour total is based on entries for the following dates. The dates and corresponding hours billed are listed below.

| Date | Hr. | Date | Hr. |
|---|---|---|---|
| 8/31/2005 | 0.2 | 9/29/2006 | 0.2 |
| 9/29/2005 | 0.5 | 10/2/2006 | 0.2 |
| 1/10/2006 | 0.4 | 10/16/2006 | 0.2 |
| 1/17/2006 | 0.1 | 11/1/2006 | 0.3 |
| 3/16/2006 | 0.4 | 11/8/2006 | 0.3 |
| 3/24/2006 | 0.7 | 1/25/2007 | 0.2 |
| 8/8/2006 | 0.4 | 1/26/2007 | 0.3 |
| 8/21/2006 | 0.1 | 2/5/2007 | 0.5 |
| 8/28/2006 | 0.1 | 2/12/2007 | 0.2 |
| 9/5/2006 | 0.1 | 2/21/2007 | 0.2 |
| 9/13/2006 | 0.1 | | |

See Pl.'s Exh. A at 1–21.

9. The 6.6 hour total is based on entries for the following dates. The dates and corresponding hours billed are listed below.

| Date | Hr. | Date | Hr. |
|---|---|---|---|
| 9/30/2005 | 3.0 | 5/12/2006 | 0.2 |
| 3/22/2006 | 0.2 | 7/22/2006 | 0.1 |
| 3/22/2006 | 0.2 | 8/21/2006 | 0.3 |
| 5/12/2006 | 0.1 | 9/27/2006 | 0.9 |
| 5/12/2006 | 0.1 | 12/4/2006 | 0.4 |
| 5/12/2006 | 0.1 | 12/28/2006 | 1.0 |

See Pl.'s Exh. A at 2–19.

10. Defendant asserts that even if claims involve common facts or related legal theories, the award should still be reduced. However, in the case cited by defendant, the court reduced the fee because the abandoned claims in that case involved different legal theories and dissimilar facts. See Vandzura v. C & S Adjusters, Inc., 1997 WL 56927, *3 (E.D. Pa. 1997).

11. This total reflects the 64.8 hours claimed less adjustments of 4.6 hours (work on unrelated matter) and 6.6 hours (non-legal activities).

12. The lower billable rate for these tasks reflects travel time. There is no dispute about this rate or the time claimed. Accordingly, no adjustments are necessary for either the rate or amount of time. The same logic applies to Golden's travel time and rate.

13. This total reflects the 49.8 hours claimed less adjustments of 4.7 hours (work on unrelated matter) and 0.5 hours (non-legal activities).

14. Hudson's total hours reflect the 17.1 total hours claimed less adjustments of 1.1 (work on unrelated matter) and 5.7 hours (non-legal activities).